### VUKOVIC, Plaintiff-Appellant, v. WALNUT GROVE COUNTRY CLUB, INC., Defendant-Appellee.

Ohio Appeals, Second District, Montgomery County.

No. 2189. Decided January 16, 1953.

Robert W. Schroader, Dayton, for plaintiff-appellant.
Landis, Ferguson, Bieser & Greer, Dayton, for defendant-appellee.

### OPINION

By THE COURT:

Submitted on motion of appellee to strike from the files appellant's notice of appeal on questions of law and fact.

The action is one to recover damages for personal injuries and is not appealable on questions of law and fact.

The motion to strike from the files will be overruled as we do not deem a motion to strike to be the proper remedy. The court sua sponte will dismiss the appeal on questions of law and fact, and retain the case as an appeal on questions of law. **Sec. 12223-22 GC.**

Appellant will be given leave to file assignments of error and briefs as provided in supplement to Rule VII. A bill of exceptions having been filed prematurely, leave will be granted to refile the same within ten days after the entry is journalized.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

**VUKOVIC, Plaintiff-Appellant, v. WALNUT GROVE COUNTRY CLUB, INC., Defendant-Appellee.**

No. 2189.   Decided April 20, 1953.

198

Robert W. Schroader, Jr., Dayton, for plaintiff-appellant.
Landis Ferguson, Beiser and Greer, Warren A. Ferguson, Robert Landis, Jr., of Counsel, Dayton, for defendant-appellee.

## OPINION

By HORNBECK, J.:

This is an appeal on questions of law from a judgment of the Common Pleas Court, dismissing plaintiff's petition, entered on a verdict for the deffendant.

Plaintiff pleaded that on October 26, 1947, she was a business guest of the defendant club and on its property; that defendant had created a place of danger in that it had caused a hole to be made in the ground on the border of the parking area provided for guests and in failing to take proper precaution to guard guests from the danger thus created.

After formal admissions, defendant denied any neglect and charged plaintiff with contributory negligence.

Six special interrogatories were given to the jury before argument upon request of the defendant. The jury returned a general verdict for the defendant and answered five of the six special interrogatories, which answers were consistent with the general verdict. The trial judge entered judgment upon the verdict and overruled motion for new trial.

Three errors are assigned, which we will state as we consider them. One, the court erred in its ruling on the admissibility of evidence. There was some variation in testimony as to the state of visibility at the time when the plaintiff fell and was injured. One of plaintiff's witnesses said that it was dusk, about six-thirty P. M., getting dark, and she stated that she could not see when she stepped into the hole into which she fell. There was also dispute whether or not any lights, other than one from an automobile, were operating at the time in question.

It is said in the brief of plaintiff that her counsel marked an exhibit, No. 6, which was a United States Weather Bureau report, showing that the time of sunset on the day of the claimed injury was 5:43 P. M. and that twilight extended until 6:11 P. M. and that it was cloudy.

The trial judge held that the evidence was not proper rebuttal. The record discloses that there was an offer to introduce the report, but no such exhibit as plaintiff's No. 6 is a part of the bill of exceptions and we may not consider it.

The next question relating to the improper rejection of evidence was the refusal of the court to admit articles of incorporation showing defendant to be a corporation "for profit." The plaintiff did not plead that the defendant was a corporation for profit but that it was an Ohio corporation, which was admitted by the defendant. It is said that defendant's counsel, in opening statement, made some observation to the effect that defendant was not a corporation for

profit. However, this statement is not in the record. This could, conceivably, work to the disadvantage of plaintiff because jurors might not properly mark the difference in the two classes of corporations. But the trial judge, in the general charge, told the jury that:

"So far as the liability of the defendant is concerned, it doesn't make any difference whether it is a corporation for profit or not for profit, and so do not let your minds wander off on that question."

If there had been prejudice in the refusal to accept the testimony, upon the state of the record, it was presumably removed by the charge of the court.

It is urged that the Court erred in admitting defendant's Exhibit No. 1, a written statement of Charles Froug, M. D., relating to the physical condition of plaintiff, including some family history which the doctor had secured from her. The physician was called by and testified for the plaintiff. On cross-examination, without objection, and upon re-direct, he was interrogated fully as to the subject matter in the case history. This procedure removed from the plaintiff the privileged communications protection of the statute, §11494 GC.

The second error assigned is that the court erred in failing to charge the jury in accordance with law as to the duty of the defendant.. The brief of appellant cites a number of cases which mark and differentiate the degree of care enjoined upon an owner toward a workman coming to make repairs, a tradesman to deliver goods and a customer or client who is in the status of a business guest of the owner. The trial judge took the norm of the obligation of the defendant toward the plaintiff, in the situation presented in this case to be that of ordinary care. There was no error in the charge in that respect. **29 O. Jur. 402.** If appellant desired a more specific charge respecting the duty of the defendant toward its guest, the plaintiff, it should have been requested and, if in proper form, the court would have been required to give it. There is no error of commission in the charge as given.

The third error assigned is directed to the general charge and to the seven special charges given at the request of the defendant and the refusal to give certain of the special charges requested before argument by the plaintiff.

We consider first the request of the plaintiff:

A. "I charge you that plaintiff when she came on the defendant's grounds as a member of the club operated by it, she could rightfully assume, not having knowledge to the contrary, that all of said grounds which you find were adapted to

the use of defendant's members or patrons, and which she might properly use, aside from any obvious dangers, were reasonably safe for such use by her. And that assumption would apply to the parking area and footpaths you find existed therein or therefrom to the concrete walkways between the club house and parking area, provided by defendant for its patrons, as well as the concrete walks themselves."

**Foltz v. The Defiance County Agricultural Society, 38 O. O 3**, and **Walter v. Zanes, 29 Abs 35**, are cited and the charge, as requested here, was approved in the former decision. The facts in the cited case are meager. The language of the charge permits the conclusion that as a matter of fact the plaintiff did not have knowledge of the condition of the ground where she fell. If the charge had permitted the jury to determine whether or not she had "knowledge to the contrary," it would be sound.

The next charge requested by plaintiff and refused by the court to which plaintiff takes exception is:

"Plaintiff has alleged that she stepped into a hole in the ground; if you find that there was a hole in the ground at the place where plaintiff fell, and that under all of the circumstances, including the time, the appearance of the walkways, the presence or absence of light, and the plaintiff's knowledge or lack of knowledge of all of the conditions existing before and up to the time of her fall, the hole constituted a pitfall; I then charge you that the defendant was under a duty to guard the hole; if you find it was in the parking area, in a footpath on defendant's grounds or in such close proximity to such parking area, footpath or sidewalk that a person in the proper use of such parking area, footpath or sidewalk might accidentally fall into it."

In all ordinary situations, this charge being correct, stating the law pertinent to one or more of the issues in the case and the same subject having not been covered by other charges given before argument, it would be error to refuse to give it.

**Chesrown v. Bevier, 101 Oh St 282.** This case and others hold that the failure to observe §11420-1 GC, is prejudicial error. The cases in which this statute has been invoked are those wherein a general verdict only was returned. A development in this case, the return of an answer to a special interrogatory to the effect that it was light at the time that plaintiff fell, in our judgment, clearly establishes that the failure to give this charge could not have been prejudicial even though to refuse it was erroneous. Manifestly, if it was light and the plaintiff fell into a hole of the dimensions described by her witness, Mrs. Deyo, it would not constitute a

pitfall. The depression in the ground, which one of defendant's witnesses said might have existed where a rock had been removed, would not, in any event, be a pitfall. We, therefore. hold that notwithstanding the general rule respecting the failure to give proper special charges before argument, it may not be applied here because of the answer to the special interrogatory.

The trial judge also refused to give special charge No. 3 at the request of plaintiff. This charge assumes that the plaintiff was in the proper use of the sidewalk when she fell into the hole. This is not consistent with the testimony, from which it appears that she had left the sidewalk, and that she knew that she was leaving the sidewalk, before she fell. In this development, the charge does not properly characterize the basis of the obligation of the defendant to guard the hole.

Objection is made to two of the special charges given at the request of the defendant before argument. No. 9 requires no consideration, because it is predicated upon a finding that the place where the plaintiff fell was dark.

We believe that No. 8 was a proper exposition of the law as to one issue of the case.

Upon the whole record, we cannot find that any error is established to the prejudice of the plaintiff.

There was substantial and complete disagreement on every controlling issue raised by the pleadings. The general verdict and the answer to the special interrogatories support the judgment on the verdict.

The judgment will be affirmed.

WISEMAN, PJ, MILLER, J, concur.